IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BAYLA BURNETT** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:24-cv-35-HSO-BWR** |
| § | | |
| § | | |
| **STEPHANIE HAWKINS, et al.** § | | **DEFENDANTS** |

## ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION

THIS MATTER is before the Court sua sponte to consider its subject-matter jurisdiction. Plaintiff Bayla Burnett's ("Plaintiff") Complaint [1] invokes the federal question jurisdiction of this Court under 28 U.S.C. § 1331 and names as Defendants Stephanie Hawkins, Brittany Meaker, and Mark Carter Blackledge. Compl. [1] at 2. Because the Complaint [1] seeks to set aside a state court judgment, *see id.* at 4, the Court lacks subject-matter jurisdiction over this case and must dismiss it without prejudice.

I. BACKGROUND

Plaintiff filed her Complaint [1] on February 5, 2024. She named Stephanie Hawkins ("Hawkins"), Brittany Meaker ("Meaker"), and Mark Carter Blackledge ("Blackledge") as Defendants and alleged that Hawkins is a Mississippi Department of Child Protection Services ("MDCPS") caseworker, that Meaker is a MDCPS supervisor, and that Blackledge is a Hancock County Youth Court Prosecutor. Compl. [1] at 2. Plaintiff asks "that the federal courts allow a civil right complaint," *id.* at 6–7 (cleaned up), to seek "relief from a removal of her four minor children," *id.*

at 4.  She alleges Hawkins "removed" her children, and that Meaker "confirmed [Hawkins's] actions," "without approval of court or valid court order or reasoning." *Id.* at 4–5 (cleaned up).  Plaintiff asserts that "Blackledge intentionally filed a petition with false claims subjecting her four children to an adjudication and disposition hearing."  *Id.* at 5 (cleaned up).

Plaintiff asks "the federal courts for relief of non-precedential opinion reversing grant of judgement as a matter of law because multiple proceedings wrongfully ruled on have sustained more than 18 months without any parental consent depriving the children and parents their rights to a familial association." *Id.* at 5–6 (cleaned up).  Plaintiff references "the final determination" of a December 2023 termination of parental rights proceeding where a "Judge ruled on the termination of the parental rights of [Plaintiff's] four children."  *Id.* at 6.  In closing, she also cites an "already ruled upon case originating in Hancock County Youth Court."  *Id.* at 7.  Plaintiff has submitted as exhibits several Hancock County Youth Court orders from proceedings in which she was a party.  *See* Ex. [3] (under seal).

Because the Complaint [1] "appears to be an attempt to collaterally attack the validity of a state court judgment to which she was a party," and "[h]er claims are apparently intertwined with a Hancock County Youth Court order," the Court entered an Order [6] to Show Cause on April 26, 2024, directing Plaintiff to "show cause why her claims should not be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine."  Order [6] at 5 (under seal).  Plaintiff responded to the Order [6] on May 20, 2024, asserting that her case "should not be

2

dismissed due to a[n] exception of the *Rooker-Feldman* doctrine that a State court judgment was procured through a mistake, accident, fraud, or deception," and "where [she has] on numerous occasions tried to make the higher courts aware of the mistake repeatedly." Resp. [8] at 1 (cleaned up). Plaintiff attached as exhibits various orders and petitions filed in Hancock County Youth Court, *see* Ex. [8-1] (under seal), pursuant to proceedings that resulted in the termination of her parental rights on December 11, 2023, *see id.* at 24, and, eventually, a February 8, 2024, order prohibiting Plaintiff from contacting her children, *see id.* at 23. Plaintiff also attached a copy of an order entered by the Hancock County Youth Court on March 21, 2024, denying, for lack of standing, a "Complaint for Fraud" she had filed in that court because the proceedings terminating her parental rights had concluded after the Mississippi Supreme Court denied her petition for writ of certiorari on January 18, 2024. *Id.* at 24.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). No court of the United States, other than the United States Supreme Court, can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision. *See*

3

*Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994); *Matter of Reitnauer,* 152 F.3d 341, 343 (5th Cir. 1998); 28 U.S.C. § 1257 (establishing Supreme Court jurisdiction to review the "[f]inal judgments or decrees rendered by the highest court of a State"). This jurisdictional rule forms the basis of the abstention principle first stated in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923), and restated in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983), that is often referred to as the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to entertain collateral attacks on a state court judgment. *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994). The doctrine prevents a federal district court from reviewing, modifying, or nullifying a state court judgment or order. *Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000). The *Rooker-Feldman* bar applies to actions that explicitly seek review of state court decisions, and to actions "in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief." *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir. 1986) (alteration in original) (quoting *Feldman,* 460 U.S. at 482 n.16), *overruled on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *see also Johnson,* 512 U.S. at 1005–06 (under *Rooker-Feldman,* "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a [federal] district court"). "[T]he doctrine applies only 'after the state proceedings [have] ended,'" and "'[s]tate proceedings have not ended . . . if state appeals are still pending.'" *Miller v. Dunn,* 35 F.4th

1007, 1012 (5th Cir. 2022) (quoting *Storyville Dist. New Orleans, LLC v. Canal St. Dev. Corp.*, 785 F. Supp. 2d 579, 589–90 (E.D. La. 2011)).

For *Rooker-Feldman* to apply, the plaintiff's alleged injury must be based on a state court decision, not "'an allegedly illegal act or omission by an adverse party.'" *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir. 2013) (quoting *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003)). But the *Rooker-Feldman* doctrine bars claims, including against adverse parties in prior state court proceedings, to reverse state court judgments on the theory that they were fraudulently procured. *See id.* at 383 n.3 (citing *United States v. Shepherd*, 23 F.3d 923, 924–25 (5th Cir. 1994)) (other citations omitted); *see also id.* ("*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because 'reversal of the state court's foreclosure judgment would be a necessary part of the relief requested.'" (quoting *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011)).

Plaintiff's Complaint [1] explicitly requests "relief . . . reversing grant of [the state court] judgement as a matter of law" because the Hancock County Youth Court proceedings against her were "wrongfully ruled on." Compl. [1] at 5 (cleaned up). She seeks "relief from a removal of her four minor children," *id.* (cleaned up), and her Complaint [1] references "the final determination" of a December 2023 termination of parental rights proceeding where a "Judge ruled on the termination of the parental rights of [Plaintiff's] four children," *id.* at 6, along with an "already ruled upon case originating in Hancock County Youth Court," *id.* at 7; *see also* Ex. [8-1] (containing judgments in Hancock County Youth Court proceedings against

5

Plaintiff).  As the foregoing authorities discuss, this Court lacks subject-matter jurisdiction to reverse the outcomes of state court proceedings.  *See Hale,* 786 F.2d at 691.

Plaintiff's Response [8] does not offer any additional argument or information that would alter this conclusion.  For one thing, the attached exhibits underscore that she is seeking to challenge the decisions of the Hancock County Youth Court.  *See* Ex. [8-1] (including copies of orders and petitions filed against Plaintiff).  The Response [8] does not articulate how Plaintiff's claims derive from conduct independent of the Hancock County Youth Court proceedings against her, and instead asserts that the proceedings resulted from fraud on the court with no supporting evidence, substantiation, or specific allegations of any fraud.  *See* Resp. [8] at 1–2.  The upshot of her claims against Defendants is that they violated her rights by procuring and enforcing wrongful Hancock County Youth Court judgments against her, and she seeks relief from those judgments, *see* Compl. [1] at 3–7, Resp. [8] at 1–2, which the Court lacks subject-matter jurisdiction to grant, *see Truong*, 717 F.3d at 383.  Therefore, Plaintiff's Complaint should be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that, Plaintiff Bayla Burnett's Complaint [1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED** this the 20th day of August, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE